Ruffin, Chief Justice.
 

 The Court entertains an opinion different from that of his Honor, upon both of the points made at the trial. •
 

 There was no necessity for another action to ascertain the plaintiffs’ damages, before bringing debt on the bond, as the words of the condition are, if the obligors “ shall well and truly indemnify” the obligees “ for all damages they may sus
 
 *140
 
 wrongfully suing out said injunction.” The lan
 
 gaage of the
 
 contract, therefore, plainly authorises this action in the first instance. This case is not like that of
 
 Davis vs.
 
 2 Dev. & Bat. Rep. 360, in which the condition of bond was for the payment of
 
 “
 
 such damages as shall be of the complainants in equity. The decision turned on the word “recovered” as contrasted with “sustained,” as is stated in the very beginning of the opinion. present case, therefore, falls within the distinction there expressed, according to which, this action will well lie to recover such damages, if any, as the obligees may be able to shew the'y did sustain.
 

 Gully,z
 
 liat. Rep. tromihis.
 

 As to the other point, it is clear that is between the obligees and the Court of Equity; and that the Court of Law can take no notice of the means by which the"obligees obtained possession of the bond. It is the ordinary case of an action of debt on a bond with collateral condition, by the obligees against the obligors; and the declaration need contain no averment of leave to bring the action being given by the Court of Equity; and, consequently, it need not be proved. The declaration must, no doubt, state such proceedings in the suit in Equity as put an end to the injunction and no longer left it in force; but it need not set out an order to deliver the bond to the obligees. It is sufficient for the Court of Law, that the plaintiff there has the bond, of which he makes proferí. Judgment reversed and
 
 venire de novo.
 

 Per, Curiam. JuJgment reversed.